**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Don Gerber, and all other similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| AT&T Corp., and | ) | |
| AT&T Communications-East, Inc., | ) | Case No.  1:08-cv-080 |
| | ) | |
| Defendants. | ) | |

The parties have agreed that good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(G).  Accordingly, the court orders:

1.  For the purposes of this Protective Order (the "Order"), proprietary or confidential information (hereinafter referred to as "Confidential Information") shall mean documents and information in whatever form (including but not limited to testimony given in a deposition or at a court hearing) which the Producing Party in good faith deems to contain or constitute trade secrets, confidential or proprietary information, financial information, or other commercially sensitive information that is not otherwise available from publicly available sources, and which has been so designated by the Producing Party.  All summaries, notes, extracts, compilations or other direct or indirect reproductions from or of any protected materials shall be entitled to protection under this Order.  Documents containing Confidential Information shall be specifically marked as "Confidential" on the cover.  Any documents so designated shall be handled in accordance with this Order.  The

1

confidential nature of any document marked "Confidential" may be challenged under Paragraph 12 of this Order.

2.    As used herein, capitalized terms not otherwise defined herein shall have the following meanings:

(a)    "Counsel" means In-House Counsel and Outside Counsel of Record;

(b)    "In-House Counsel" means the attorney or attorneys employed by a party to this proceeding or who is employed by an affiliated entity and who is actively engaged in the conduct of this proceeding and the clerical staff supporting such attorney or attorneys;

(c)    "Outside Counsel of Record" means the firm(s) of attorneys representing a party in these proceedings, and shall include the secretaries, paralegals, and other clerical and professional staff supporting such attorneys;

(d)    "Producing Party" means a party creating Confidential Information as well as any person having actual physical possession of a document or information including a party receiving  such Confidential Information from another Producing Party and producing it to a Receiving Party pursuant to this Order; and

(e)    "Receiving Party" means a person who has obtained access to Confidential Information pursuant to this Order.

3.    Any individual, firm, or company subject to this Order, including Producing and Receiving Parties, shall act in good faith in discharging their obligations thereunder. Parties or nonparties subject to this Order shall include parties which are allowed by the court to intervene subsequent to the date of entry of this Order.

2

4.    (a)    Confidential Information shall be used only for purposes of this proceeding and shall be disclosed only to the following "qualified persons":

(1)    Counsel and their secretaries, legal assistants and other support personnel who are responsible for assisting in the preparation, trial, or appeal of this action;

(2)    Employees or officers of any Party to this action, for the sole purpose of assisting Counsel in connection with this action;

(3)    Independent experts and consultants retained in this action by Counsel and employees and staff of such experts and consultants who are responsible for assisting in the preparation, trial or appeal of this action, insofar as Counsel may deem is necessary for the preparation or trial of this case to consult with such experts or consultants;

(4)    The court and court officials involved in this litigation, including court reporters, persons operating video recording equipment, court clerks, and any special master appointed by the court;

(5)    Persons from whom testimony is taken who are not otherwise entitled to receive such information, except that such person may only be shown copies of material containing Confidential Information during the preparation for and taking of his or her testimony, and may not retain any Confidential Information subsequent to the deposition. This provision does not apply to independent experts under ¶ 4(a)(3) above; and

3

(6)     Such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the court in the interests of justice:

(b)     Before any person described in ¶ 4(a)(3), 4(a)(5) or 4(a)(6) herein is permitted access to any of the Confidential Information, such person shall be informed (by the Producing Party disclosing the Confidential Information to such person or permitted such person to have access to the Confidential Information) of the existence and contents of this Order, and such person shall agree in writing to be bound by the terms hereof, to maintain such information in confidence, not to use or reveal such Confidential Information to anyone other than a Qualified Person meeting the requirements hereof, and to consent to the exercise of personal jurisdiction by this court to respond to any violation of this Order.  Such agreement shall be made by executing the form of Declaration Regarding Disclosure of Confidential Information in the form attached hereto as Exhibit A.

(c)     All materials containing Confidential Information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

5.     Any deposition   transcript or videotaped deposition containing Confidential Information shall be marked on the cover "Confidential" and shall indicate as appropriate within the transcript and on the videotape that the information has been so designated.  A party may designate any portion of the transcript or videotape as

4

containing Confidential Information by so advising the deposition reporter in the course of the deposition, who shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties within thirty (30) business days after receipt of the transcript.  Until thirty (30) business days have passed after the receipt of any transcript, the entire transcript and videotape shall be deemed to contain Confidential Information.  In the event Confidential Information of a third party is discussed during the deposition, such portion of the transcript or videotape shall be so marked and designated.

6.   If any party or non-party subject to this Order inadvertently fails to designate documents or other information as Confidential in accordance with the provisions of this Order when producing such documents or information, such failure shall not constitute a waiver of confidentiality; provided the Producing Party shall notify the Receiving Party in writing within five (5) business days of discovery of such inadvertent failure to designate the document as Confidential and shall provide the Receiving Party with a copy of this Order, as set forth in Paragraph 4.  At that time, the Receiving Party shall immediately treat the subject document or information as Confidential, and (a) to the extent the Receiving Party disclosed such document or information to any person or entity eligible to receive the document pursuant to Paragraph 4 hereof, shall take actions consistent with this Paragraph 6 with respect to such person or entity, and (b) to the extent the Receiving Party disclosed such document or information to any person or entity *not* eligible to receive the document

pursuant to Paragraph 4 hereof, shall diligently seek to recover any copies of the Confidential Information that it produced to such person or entity.

7.     If any party or non-party subject to this Order inadvertently fails to designate documents or information as Confidential in accordance with the provisions of this Order when producing such documents or information and notification is not provided to the Receiving Party within five (5) days of the discovery of the inadvertent failure as set forth in the preceding Paragraph, the failure shall not constitute an automatic waiver of confidentiality.  The party or non-party seeking Confidential Information status for such document or information may make a written motion to the court at any time, an oral motion at a Status Conference called for the purpose, or an oral motion at the Trial on the merits to designate such documents or information as Confidential.  If the motion is granted by the court, the recipients shall immediately treat the subject documents or information as Confidential Information.  The court may also, at its discretion, either before or during the Status Conference or trial on the merits of the case, allow information to be designated Confidential Information and treated as such in accordance with the terms of this Order.

8.     Any papers filed in this proceeding that contain, quote, paraphrase, compile, or otherwise disclose Confidential Information covered by the terms of this Order shall be filed under seal pursuant to Local Rule 5.1(D), the Administrative Policy Governing Electronic Filing and Service, and the Guide to Filing Sealed Documents and Motions for the United States District court of North Dakota.

9       Documents and information marked as Confidential, in accordance with this Order, may be disclosed in testimony at the hearing of this proceeding and offered into evidence used in any hearing related to this action, subject to the Federal Rules of Evidence and to such future orders as the court may enter.  Any Receiving Party intending to use documents or information designated Confidential shall inform the Producing Party and the court prior to the proposed use of such documents or information at the hearing on the merits of the case so that appropriate measures can be taken by the court and/or requested by the Producing Party in order to protect the confidential nature of the Confidential Information.

10.     Persons and entities described in paragraph 4 shall have the obligation to ensure that access to designated Confidential Information is strictly limited as prescribed in this Order.  Such persons and entities shall further have the obligation to ensure that Confidential Information is used only as provided in this Order.

11.     Nothing herein shall be construed as preventing any party from continuing to use and disclose and information (a) that is in the public domain, (b) that subsequently becomes part of the public domain through no act of such party, (c) that is disclosed to it by a third party, where said disclosure does not itself violate any contractual or legal obligation, (d) that is independently developed by a party, or (e) that is known or used by it prior to this proceeding.  The burden of establishing the existence of (a) through (e)  shall be upon the party attempting to use or disclose such information in a manner not consistent with this Order.

12.     Any person may contest the designation of any document or information as

Confidential Information by applying to the court for a ruling that the documents and/or information should not be so treated.   All designated Confidential Information, however, shall be maintained as such until the court orders otherwise. A Motion to contest must be filed not later than the discovery deadline contained in the Interim Scheduling/Discovery Plan, as amended.

13.   Nothing in this Order shall prevent any party from asserting any objection to discovery other than an objection based upon grounds of confidentiality.

14.   Non-party witnesses shall be entitled to invoke the provisions of this Order by designated information disclosed or documents produced for this action as Confidential Information in which event the provisions of this Order shall govern the disclosure of information or documents provided by the non-party witness.  A non-party witness designation of documents or information as Confidential may be challenged under Paragraph 12 of this Order.

15.   Any person to whom disclosure is made or inspection is permitted in violation of this Order shall be bound by the terms of this Order.

16.   Unless otherwise agreed by the Producing Party, within sixty (60) calendar days of the final determination of this action, each person to whom disclosure is made or inspection is permitted:

(a)   Shall return al Confidential Information of any party in its possession or control, and all copies, derivations and summaries thereof, to the Producing Party, or certify that all such documents have been destroyed, except that Counsel may retain or destroy at their option any documents which includes

8

or reflects attorney work product and may retain file copies of any pleadings, depositions, briefs or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include Confidential Information;

(b)    Shall insure that all Confidential Information in the possession, custody, or control of their experts and consultants is destroyed or returned to the Producing Party; and

(c)    Shall deliver to the Producing Party written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reasons for such noncompliance, upon receipt of which the Producing Party may make application to the court for such further order as may be appropriate.

For the purposes of this Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment or award herein after the completion and exhaustion of all appeals, rehearings, remands, trials, and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

17.    After termination of this proceeding, the provisions of this Order relating to the secrecy and confidential nature of Confidential Information and testimony shall continue to be binding upon parties herein and their officers, employers, employees,

agents, and/or others for five (5) years unless this Order is vacated or modified.

18.     Nothing herein shall prevent entry of a subsequent order, upon an appropriate

showing, requiring that any documents, information, or testimony designated as

Confidential shall receive protection other than that provided herein.

**IT IS SO ORDERED.**

Dated this 17th day of February, 2009.

/s/  Charles S.  Miller, Jr.
Charles S.  Miller, Jr.
United States Magistrate Judge