**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| DON GERBER, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP. and<br>AT&T COMMUNICATIONS-EAST, INC.,<br><br>Defendants. | Case No. 1:08-CV-00080-DLH |

NORTH DAKOTA
"TELECOMMUNICATION CABLE" HIGHWAY / ROADWAY RIGHTS-OF-WAY
CLASS SETTLEMENT AGREEMENT

**TABLE OF CONTENTS**

Page

LIST OF EXHIBITS ........................................................................................................................ iv

I.     DEFINITIONS ...................................................................................................................... 2

II.    PRELIMINARY APPROVAL .............................................................................................. 6

III.   CERTIFICATION OF SETTLEMENT CLASS; OPT-OUT RIGHTS ................................. 6

IV.    MONETARY TERMS .......................................................................................................... 7

       A.    Benefits Payments; Claimant Account. ..................................................................... 7
       B.    Notice Costs; Administrative Costs; Administrative Account ................................... 7
       C.    Class Counsel Fees and Expenses ............................................................................. 8

V.     CASH BENEFITS ................................................................................................................. 8

       A.    Generally .................................................................................................................... 8
       B.    Current Landowner Benefits ...................................................................................... 8
       C.    Prior Landowner Benefits ........................................................................................ 10
       D.    Class Representative Service .................................................................................... 10

VI.    NON-CASH BENEFITS: GRANT OF COMMUNICATIONS SYSTEM EASEMENT ......... 10

       A.    Generally .................................................................................................................. 10

VII.   CLAIMS ADMINISTRATION ............................................................................................ 11

       A.    Claims Administrator; Claims Office ...................................................................... 11
       B.    Claims Office Functions .......................................................................................... 12
       C.    Filing of Claims; Claim Deadline ............................................................................ 12
       D.    Claims Acceptance and Certification ....................................................................... 12
       E.    Settlement Documents .............................................................................................. 13

VIII.  CLAIMS PROCESSING ..................................................................................................... 13

       A.    Generally .................................................................................................................. 13

IX.    RIGHT OF WITHDRAWAL; EFFECT OF WITHDRAWAL .............................................. 14

       A.    AT&T's Right of Withdrawal .................................................................................. 14
       B.    Effect of Withdrawal ................................................................................................ 14

X.     COURT'S SETTLEMENT APPROVAL ORDER; RELATED ORDER ................................ 14

       A.    Approval Order ......................................................................................................... 14
       B.    Related Order ............................................................................................................ 16

XI.   EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT ............................................16

     A.    Exclusive Remedy .................................................................................................16
     B.    Dismissal of Action .................................................................................................17
     C.    Continuing Jurisdiction of Court .............................................................................17

XII.   REPRESENTATIONS AND WARRANTIES ...................................................................................17

XIII.   MISCELLANEOUS PROVISIONS ................................................................................................17

XIV.   TERMINATION OF AGREEMENT...............................................................................................20

## EXHIBITS

**EXHIBIT A**...............................................................**SETTLEMENT RIGHTS-OF-WAY**

**EXHIBIT B**...............................................................**GRANT OF COMMUNICATIONS SYSTEM EASEMENT/RELEASE**

**EXHIBIT C**...............................................................**CLAIMS PROCESSING PROTOCOL (INCLUDING RULES OF DEED CONSTRUCTION)**

**EXHIBIT D**...............................................................**LEGAL NOTICE**

**EXHIBIT E**...............................................................**COURT NOTICE**

**EXHIBIT F**................................................................**EXCLUSION FORM**

**EXHIBIT G**...............................................................**CLAIM FORM**

**EXHIBIT H**...............................................................**RELEASE**

**EXHIBIT I**................................................................**REQUEST FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| DON GERBER, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP. and<br>AT&T COMMUNICATIONS-EAST, INC.,<br><br>Defendants. | Case No. 1:08-CV-00080-DLH |

### NORTH DAKOTA
### "TELECOMMUNICATION CABLE" HIGHWAY / ROADWAY RIGHTS-OF-WAY
### CLASS SETTLEMENT AGREEMENT

AT&T Corp. and AT&T Communications-East, Inc. (formerly known as AT&T Communications, Inc.) and their predecessors, successors, subsidiaries, and assigns (collectively, "AT&T") and Plaintiff and the Settlement Class, by and through the undersigned Class Counsel, hereby enter into this Settlement Agreement ("Agreement") providing for settlement of the claims described below, pursuant to the terms and conditions set forth below, subject to the approval of the Court.

WHEREAS, Class Counsel has prosecuted and is continuing to prosecute on behalf of property owners in North Dakota a lawsuit arising out of the installation, occupation, maintenance, and use of fiber optic or other telecommunication cables ("cable" or "telecommunication cable") on highway/roadway rights-of-way;

WHEREAS, on September 17, 2008, Class Counsel filed a putative North Dakota statewide class action on behalf of Don Gerber and all others similarly situated, which case is Civil Action No. 1:08-CV-00080-DLH in the United States District Court for the District of North Dakota;

WHEREAS, AT&T has acknowledged that it has installed telecommunication cable on various highway/roadway rights-of-way, has asserted a right to maintain such cables, and has denied and continues to deny Plaintiffs' claims in the Complaint and has denied any wrongdoing or liability to Plaintiffs of any kind;

WHEREAS, Class Counsel has conducted a thorough examination and investigation of

the facts and law relating to the matters set forth in the Complaint;

WHEREAS, the Parties have engaged in extensive, arm's-length negotiations regarding the settlement of the claims presented in the Complaint;

WHEREAS, after analyzing the facts and law applicable to Plaintiffs' claims, and taking into account the burdens, risks, uncertainties, and expense of litigation, as well as the fair, cost-effective, and assured method of resolving claims of the Settlement Class under this Agreement, the undersigned Class Counsel has concluded that this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, AT&T has similarly concluded that this Agreement is desirable in order to reduce the time and expense of multiple-claim litigation, and to resolve finally and completely the claims presented in the Complaint; and

WHEREAS, the Parties agree that all Persons who would otherwise qualify as members of the Settlement Class shall have the right to exclude themselves ("opt out") from the Settlement Class under Rules 23(b)(3) and 23(c)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as provided in this Agreement;

NOW, THEREFORE, the undersigned Parties stipulate and agree that all Settlement Rights-of-Way Claims of the Settlement Class against *AT&T* and the Released Parties shall be finally settled and resolved on the terms and conditions *set* forth below, subject to the Court's approval of this Agreement as a fair, reasonable, and adequate settlement under Fed. R. Civ. P. 23(e).

## I.   DEFINITIONS

As used in this Agreement and its Exhibits, the following terms shall have the meanings set forth below. Where the context so indicates or requires, defined terms stated in the singular shall be deemed to include the plural and vice versa.

**"Action"** means *Don Gerber, et al. v. AT&T Corp., et al.,* Civil Action No. 1:08-CV-00080-DLH, which, as of the date by which this Agreement has been signed by all the Parties hereto, is pending before the Court.

**"Administrative Account"** means the account from which costs of administration of the Agreement shall be paid, as more fully described in Paragraph IV.B below.

**"Cable Side" or "Cable Side Right-of-Way"** means the side of the center line of the Settlement Rights-of-Way on which AT&T's telecommunication cable has been installed.

**"Cable-Side Property"** refers to Covered Property that adjoins the Cable Side of the Settlement Rights-of-Way.

**"Claim Deadline"** means a date, to be agreed by the Parties subject to the approval of

the Court and communicated to the Class Members, by which all Class Members must file a signed, sworn Claim Form, as more particularly described in Paragraphs VII.C.l-3 below.

**"Claim Form"** means the form attached as Exhibit G hereto to be sent to Cable Side Class Members, and to Non-Cable Side Class Members upon request.

**"Claimant Account"** means the account from which benefits shall be paid to qualifying claimants, as more fully described in Paragraph IV.A below.

**"Claims Administrator"** means Axxion Administration LLC, or such other Person as may be selected by the Parties and appointed by the Court to administer claims under the Agreement.

**"Claims Office"** means "Claims Office" as that term is defined and described in Section VII below.

**"Claims Officers"** means "Claims Officers" as that term is defined and described in Section VII below.

**"Claims Processing Protocol"** means the document attached as Exhibit C hereto, which may be supplemented by requirements agreed to by the Parties, prior to the hearing on preliminary approval, subject to the approval of the Court and communicated to Class Members.

**"Class Counsel"** means Solberg, Stewart, Miller & Tjon, Ltd., Fargo North Dakota.

**"Class Members"** means all persons in the Settlement Class.

**"Compensation Period"** means, as to each Qualifying Parcel the period from January 1998 to the Effective date.

**"Complaint"** means the Amended Statewide Class Action Complaint in this Action.

**"Court"** means the United States District Court for the District of North Dakota, Southwestern Division.

**"Court Notice"** means the notice of the Agreement to be mailed to Current Landowners which, subject to the approval of the Court, shall be in a form substantially similar to the document attached as Exhibit E hereto.

**"Covered Property"** means the Settlement Rights-of-Way in North Dakota and the land in North Dakota adjoining the Settlement Rights-of-Way.

**"Current Landowner"** means a Class Member who holds a fee interest in Covered Property as of the Effective Date and satisfies the conditions under Paragraph V.B. below.

**"Current Landowner Benefits"** means "Current Landowner Benefits" as that term is

defined and described in Paragraph V.B below.

**"Effective Date"** means the date of the Court's Order preliminarily approving the Proposed Settlement and the notice to be sent to Class Members.

**"Exclusion Form"** means the form attached as Exhibit F hereto.

**"Final"** means that no timely appeals have been taken or that all appeals taken have been exhausted.

**"Formal Fairness Hearing"** means the hearing to be conducted by the Court in connection with the determination of the fairness, reasonableness, and adequacy of this Agreement under Fed. R. Civ. P. 23(e) on a date to be set by the Court.

**"Grant of Communications System Easement/Release"** means the form of grant of permanent telecommunication easement, and related release, set forth as Exhibit B hereto.

**"Legal Notice"** means the notice of the Agreement to be published as directed by the court and, subject to approval of the Court, shall be in a form substantially similar to the document attached as Exhibit D hereto.

**"Non-Cable Side"** means the side of the center line of the Settlement Rights-of-Way on which *AT&T's* telecommunications cable has not been installed.

**"Objection Deadline"** means the date 45 (forty-five) days from the date the Court Notice is first mailed, or such other date before the Formal Fairness Hearing to be agreed by the Parties subject to the approval of the Court and communicated to the Class Members.

**"Opt-Out Deadline"** means the date 45 (forty-five) days from the date the Court Notice is first mailed, or such other date before the Formal Fairness Hearing to be agreed by the Parties subject to the approval of the Court and communicated to the Class Members.

**"Order and Judgment"** means the order to be entered by the Court, approving the Agreement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e), confirming the Settlement Class certification under Fed. R. Civ. P. 23(b)(3) and 23(e), and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of the Agreement.

**"Parties"** means, collectively, Plaintiff and AT&T.

**"Persons"** means natural or legal persons, entities, and organizations of any kind.

**"Plaintiff" or "Plaintiffs"** means Don Gerber.

**"Preliminary Approval"** means the Court's conditional certification of the Settlement Class and preliminary approval of the Agreement pursuant to Fed. R. Civ. P. 23(b)(3), 23(c)(1),

and 23(e), and entry of orders providing for notice of the Agreement to putative Class Members.

**"Prior Landowner Benefits"** means "Prior Landowner Benefits" as that term is defined and described in Paragraph V.C below.

**"Qualifying Parcel"** means a parcel of Covered Property with respect to which one or more claimants qualify for compensation under the Agreement.

**"Recorder's Office"** means a local government office in which deeds, mortgages, liens, and other instruments regarding interests in land are recorded.

**"Release"** means the form of release attached as Exhibit H hereto.

**"Released Parties"** means (l) AT&T and its predecessors, successors, and past and present subsidiaries, assigns, affiliates, officers, directors, agents, attorneys, insurers, and employees; and (2) any Person to which AT&T heretofore sold, granted, leased, or otherwise transferred, and/or hereafter sells, grants, leases, or otherwise transfers, all or any part of the rights in or use of a telecommunications cable system on a Settlement Rights-of-Way, as provided for in Paragraph VI.A.l below and/or in the Grant of Communications System Easement/Release.

**"Request Form"** means the form attached as Exhibit I hereto to be sent to Non-Cable Side Class Members by which such Class Members may request a Claim Form.

**"Segment"** means a portion of a Settlement Rights-of-Way encompassing both the Cable Side and Non-Cable Side.

**"Settlement Class"** means all Persons possessing or claiming to possess for some period of time during the applicable Compensation Period a fee simple interest in Covered Property; *provided,* however, that "Settlement Class" does not include: (i) Persons or entities (and their predecessors and successors-in-interest) who granted AT&T rights in writing to operate and maintain a telecommunication cable system across the Rights-of-Way; or (ii) any Person who files a valid and timely Exclusion Form on or before the Opt-Out Deadline (and any Person co-owning Covered Property with such Person).

**"Settlement Rights-of-Way"** means those portions of highway/roadway Rights-of-Way in North Dakota in which AT&T has installed fiber optic cable, as more particularly described on Exhibit "A" hereto, but specifically excluding any cable installed in railroad rights-of-way and any cable installed in municipalities, including, without limitation the cities of Bismarck, Fargo and West Fargo, North Dakota. Also specifically excluded are segments of buried cable related to AT&T's Dickinson RS "WLEL" Cable Route (AT&T File No. L170-1) as more particularly described on Exhibit "A-1" hereto, and buried cable related to AT&T's Casselton - Wheatland "VF" Cable Route (AT&T file No. L31-1) as more particularly described on Exhibit "A-2" hereto.

**"Settlement Rights-of-Way Claim"** means (a) as to claims arising out of conduct

5

occurring prior to the Effective Date, any such claim relating to the installation, occupation, maintenance, or use of telecommunication cable that has been installed on or in a Settlement Rights-of-Way, or any other claims addressed in or arising out of the subject matter of this Agreement or the Complaint, including without limitation claims for trespass, slander of title, quiet title, declaratory judgment, unjust enrichment, criminal mischief, criminal trespass, and inverse condemnation, any and all such claims, including assigned claims, whether known or unknown, asserted or unasserted, regardless of the legal theory, that are or may be asserted now or in the future by any or all Class Members against AT&T and/or any Released Party; and (b) any future claims that would be based upon AT&T's lawful exercise of easement rights received under the Grant of Communications System Easement/Release and/or Final Order and Judgment.

## II.   PRELIMINARY APPROVAL

A.    Promptly after the date by which this Agreement has been signed by all the Parties hereto, the Parties shall submit the Agreement to the Court for its Preliminary Approval and shall move the Court for one or more orders that by their terms shall:

1.  appoint named Plaintiff as the representative of the Settlement Class;

2.  confirm the appointment of Class Counsel;

3.  conditionally certify the Settlement Class under Fed. R. Civ. P. 23(b)(3) and 23(e) and preliminarily approve the Agreement (together with Exhibits) for purposes of issuing notice of the Agreement to putative Class Members;

4.  schedule the Formal Fairness Hearing, Opt-Out Deadline, Objection Deadline, Claim Deadline, and any other related dates and deadlines for inclusion in the Court Notice;

5.  approve the form, contents, and method of dissemination of the Court Notice;

and

6.  preliminarily approve the fee structure proposed by Class Counsel, including the mechanism of interim payments.

B.    The Parties shall cooperate, assist, and undertake all reasonable actions to accomplish the above on the schedule set by the Court.

## III.   CERTIFICATION OF SETTLEMENT CLASS; OPT-OUT RIGHTS

A.    Subject to the Court's approval, the Settlement Class shall be certified in this action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3) and 23(e), without prejudice to the Parties' ability to contest, oppose, propose, or support class certification as to non-settled claims in this action or in any other action or for any other purpose.

B.    All Persons who would otherwise be encompassed by the definition of the

Settlement Class shall have the right to exclude themselves ("opt out") from the Settlement Class. If one of the owners of a jointly or commonly owned parcel of Covered Property excludes himself or herself from the Settlement Class, any and all co-owners of such parcel of Covered Property shall also be excluded from the Settlement Class. Persons encompassed by the definition of the Settlement Class who do not exclude themselves by mailing an Exclusion Form as of the Opt-Out Deadline shall remain Class Members.

## IV.   MONETARY TERMS

### A.   Benefits Payments; Claimant Account

1.       Qualifying Class Members shall be paid cash benefits in a single lump sum in accordance with Section V below. These cash benefits shall not be subject to *any* reduction for the costs of notice to Class Members and administration of the Agreement, Class Counsel fees and expenses, or any other costs or expenses.

2.       To facilitate payment of net cash benefits to qualifying Class Members, the Claims Office (or a Court-appointed escrow agent) shall establish a "Claimant Account" to pay claimant benefits. At AT&T's option, the Claimant Account shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and all rules and regulations thereunder. AT&T shall make an initial deposit of $12,500 (twelve thousand and five hundred dollars) into the Claimant Account, and thereafter shall provide sufficient ongoing funding of the Claimant Account to assure that qualifying Class Members are paid as soon as practicable (within 30 (thirty) days) after it is determined that they are entitled to the cash benefits. In no event shall AT&T's total obligation for Class Member benefits exceed $0.75 (seventy-five cents) per linear foot for Covered Property.

3.       No benefit payments may be made to any Class Members under this Agreement (nor shall AT&T incur any obligation therefor) unless and until the Order and Judgment is Final.

### B.   Notice Costs; Administrative Costs; Administrative Account

1.       AT&T shall be responsible for mailing the Court Notice to Current Landowners and for publishing the Legal Notice as directed by the Court.

2.       AT&T shall also be responsible for the reasonable costs of administering the Agreement. In that regard, an **"Administrative Account,"** to be established by the Claims Office (or a Court-appointed escrow agent), shall be available to pay Claims Office administrative costs. At AT&T's option, the Administrative Account shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and all rules and regulations thereunder.

3.       AT&T shall make an initial deposit of $2,000 (two thousand dollars) into the Administrative Account, and shall make such additional deposits thereafter as the Claims Administrator deems necessary for the reasonable expenses of administering the Agreement.

4.     Class Members shall have no obligation to pay for any claims processing expenses, costs incurred by the Claims Office in responding to Class Member inquiries, or any other settlement-related administrative expenses.

C.     **Class Counsel Fees and Expenses**

1.     In addition to and not inclusive of claimant benefit payments and costs of notice and administration, AT&T shall pay the fees and expenses of Class Counsel as awarded by the Court in accordance with the terms of this paragraph. Class Counsel shall seek from the Court a cash award of $12,500.00 (twelve thousand five hundred dollars) in fees and expenses, and AT&T shall not object to an award of fees and expenses in that amount.

2.     Class Counsel may seek an interim cash award (or awards) of fees and expenses of up to 90% (ninety percent) of their approved fees and expenses as stated above, which shall be payable by AT&T upon approval by the Court; *provided,* however, that AT&T shall not be required to pay any such fees and expenses unless and until the Order and judgment is Final. Class Counsel may seek payment of the balance of their fees and expenses at the close of the Settlement.

## V.     CASH BENEFITS

A.     **Generally**

1.     There shall be two categories of net cash benefits under this Agreement: Current Landowner Benefits and Prior Landowner Benefits. The total amount of both benefits to be paid in the aggregate to qualifying Class Members shall be at the rate of $0.75 (seventy-five cents) per linear foot. In circumstances where the telecommunications cable is installed along the center line of the Settlement Right-of-Way, such benefits shall be split equally among the adjacent properties.

2.     The Claims Administrator or the Claims Office under his supervision shall be responsible for reviewing and evaluating Class Member claims for Current Landowner Benefits and/or Prior Landowner Benefits in accordance with the provisions of this Agreement.

B.     **Current Landowner Benefits**

1.     **"Current Landowner Benefits"** are the benefits to be paid to Class Members who (a) establish under the Claims Processing Protocol that they are Cable Side owners of Covered Property as of the Effective Date, which ownership has been duly recorded in a deed that, under the Claims Processing Protocol, establishes the Class Member's ownership of a portion of a Cable-Side Property or Cable Side Right-of-Way; and (b) have the right, power, and authority to execute for the benefit of AT&T a Grant of Communications System Easement/Release as to such Covered Property.

2.     Current Landowner Benefits also may be paid to Class Members who previously owned qualifying Cable Side Covered Property so long as they expressly reserved in

8

a recorded deed of conveyance (or other document recorded among the land records) the right to receive recoveries from litigation such as that commenced by the Complaint, and currently have the right, power, and authority to execute for the benefit of AT&T a Grant of Communications System Easement/Release over such Covered Property. In the event that both current and previous owners are potentially eligible for Current Landowner Benefits with respect to any parcel of Covered Property, the Claims Administrator (or Claims Office under his supervision) shall determine finally whether the current or previous owner(s) are entitled to such benefits. In no event shall the total amount of such benefits be increased as a result of such dispute.

3.     Current Landowner Benefits shall be paid on a linear foot basis, where footage is calculated by the length of AT&T telecommunication cable traversing the Qualifying Parcel. That is, for example, if a Qualifying Parcel has 100 (one hundred) feet of frontage on a Settlement Rights-of-Way, but only 50 (fifty) feet of that Settlement Rights-of-Way frontage is Cable Side, then for purposes of calculating Current Landowner Benefits the Qualifying Parcel shall be deemed to have 50 (fifty) feet of compensable footage. For purposes of determining the appropriate amount of benefits to be paid to qualifying Class Members under this Agreement, the Claims Office may calculate linear footage, wherever practicable, by using appropriate algorithms and map projections. These calculations shall be presumptively correct and final except where the qualifying Class Member makes a showing that a calculation error greater than 15% (fifteen percent) might have occurred, in which event the Claims Office must consider all information before it and make its best determination as to the linear footage involved under the circumstances. The Current Landowner may appeal to the Claims Administrator from this decision, as provided in Section VII.D below, and the Claims Administrator's decision shall be final.

4.     Current Landowner Benefits shall be paid by Qualifying Parcel. That is, for example, if two Class Members jointly owned throughout the Compensation Period, or for a period of at least 10 (ten) years, a Qualifying Parcel on which 3,000 (three thousand) linear feet of AT&T telecommunication cable have been installed, and if that parcel qualifies for an award of $0.75 (seventy-five cents) per linear foot, then the total award for the parcel would be $2,250.00 (two thousand two hundred fifty dollars), to be shared equally by the two joint owners.

5.     If a qualifying Current Landowner has owned the Qualifying Parcel for at least 10 (ten) years or throughout the Compensation Period, then the Current Landowner shall receive 100% of the benefit amount for that period (i.e., $0.75 (seventy-five cents) per linear foot), and there shall be no Prior Landowner Benefits as to that parcel. If, on the other hand, the qualifying Current Landowner has not owned the parcel for at least 10 (ten) years or throughout the entire Compensation Period, then the Current Landowner shall be entitled only to 70% (seventy percent) of the full benefit amount for such parcel if Prior Landowner Benefits are paid. If, for whatever reason, Prior Landowner Benefits are not paid, the Current Landowner shall receive 100% of the benefit amount.

6.     Current Landowner Benefits shall not be less than $100 (one hundred dollars) per Qualifying Parcel.

### C.     Prior Landowner Benefits

1.     **"Prior Landowner Benefits"** are the benefits to be paid to Class Members who (a) establish under the Claims Processing Protocol that during some past portion of the Compensation Period (except where the Current Landowner has owned the: qualifying parcel for 10 (ten) years or more) they owned Cable Side Covered Property which has been duly recorded in a deed that, under the Claims Processing Protocol, establishes the Class Member's past ownership of a portion of a Cable-Side Property or Cable Side Right-of-Way; and (b) have the right, power, and authority to execute for the benefit of AT&T a Release as to such Covered Property.

2.     Qualifying Prior Landowners shall receive a maximum per parcel of 30% (thirty percent) of the full benefit amount for such parcel (i.e., $0.225 (twenty-two and one-half cents) per linear foot), to be apportioned pro rata among all qualifying Prior Landowners who file a claim as to that parcel.

3.     As with Current Landowner Benefits, Prior Landowner Benefits shall be paid by Qualifying Parcel on a linear foot basis, where footage is calculated by the Claims Office in accordance with the length of AT&T telecommunication cable traversing the Qualifying Parcel.

### D.     Class Representative Service

In addition to all other benefits to which he may be entitled under this Agreement, the named class representative shall be entitled to receive $1,000 (one thousand dollars) from the Claimant Account as additional compensation for his service as class representative in this case.

### VI.     NON-CASH BENEFITS: GRANT OF COMMUNICATIONS SYSTEM EASEMENT

### A.     Generally

1.     AT&T and Class Members qualifying for Current Landowner Benefits under the Agreement shall execute Grants of Communications System Easement/Release (substantially identical to Exhibit B). Such grants shall give AT&T rights to continuing use for telecommunication purposes of a 16 ½ -foot-wide easement through the Cable Side of the Settlement Rights-of-Way. This permanent telecommunications easement shall grant AT&T rights to operate, maintain, upgrade and expand its existing cable, as well as to install new conduits and fiber or replacement technology within the 16 ½ - foot easement and shall permit unrestricted use, licensing and assignment of such facilities, which have been or may be constructed, installed, or acquired by AT&T for its primary use. As set forth more particularly in Exhibit B, AT&T's rights hereunder shall be subject to all pre-existing uses and pre-existing rights of use of Grantor's land, except that no utility, telecommunications, or similar cable, facilities, or equipment shall be installed within five feet on either side of AT&T's Telecommunication Cable System (except insofar as expressly allowed under Exhibit B).

2.     As set forth with more particularity in the Grant of Communications

System Easement/Release (Exhibit B hereto), AT&T shall release any claim vis-à-vis Class Members who execute a Grants of Communications System Easement/Release to any existing right in the Settlement Rights-of-Way, except as necessary for purposes of the 16 ½-foot easement, for example where an existing AT&T cable may cross over from one side to another (requiring compensation on both sides of the Rights-of-Way).

3.    Class Members qualifying for Prior Landowner Benefits under the Agreement shall execute a Release (substantially identical to Exhibit H) in favor of the Released Parties.

4.    The Parties shall work together to ensure that a copy of the Final Order and Judgment (and, as may be necessary for local recordation purposes, supplemental orders by the Court effectuating the Final Order and Judgment) is filed in the appropriate judgment or land records of each county in which Covered Property is located.

## VII.    CLAIMS ADMINISTRATOR

### A.    Claims Administrator; Claims Office

1.    The Claims Administrator shall establish, oversee, and manage the **"Claims Office,"** and shall have the authority to appoint as many **"Claims Officers"** as are necessary to carry out the duties of the Claims Office, as described in this Section VII and Section VIII below. The Claims Administrator shall carry out such responsibilities in as economical and effective a manner as possible, and shall consult with Class Counsel and AT&T on such matters.

2.    AT&T, after consultation with Class Counsel and subject to Court approval, may contract with independent entities to assist in carrying out Claims Office duties.

3.    The Claims Administrator shall operate under the continuing supervision and jurisdiction of the Court. The Claims Administrator may be appointed as a Special Master and shall have, insofar as the Court deems appropriate, the immunities and attributes of a judicial officer with respect to his or her administrative functions. The actions of Claims Administrator (and his employees or agents) in collection, collating, processing, evaluating and paying claims, and in executing and conveying easements and releases to AT&T will constitute judicial actions of the Court and will be protected, to the maximum extent allowable by law, by the doctrine of judicial immunity.

4.    The Claims Office shall maintain all appropriate records relating to land and title records and the payment of claims and administrative expenses. Class Counsel and AT&T shall be entitled to inspect Claims Office records, including real property records and claimant submissions, upon reasonable notice. This right of inspection shall not alter the proprietary nature of any proprietary documents. AT&T also shall be entitled to receive, *inter alia,* the executed releases and executed originals of all conveyance documents, so that AT&T may record the conveyance documents in the appropriate Recorder's Office.

11

**B.**     **Claims Office Functions**

        1.     The Claims Office shall assist the Claims Administrator in processing and tabulating opt-out requests.

        2.     The nature and manner of disseminating such information to Class Members shall be subject to Court approval.

        3.     The Claims Office shall receive, process, classify, review, and pay qualifying Class Member claims in accordance with the terms of this Agreement.

        4.     The Claims Office shall have the power to implement reasonable procedures designed to detect and prevent payment of fraudulent claims, and otherwise to assure an acceptable level of reliability and quality control in claims processing.

**C.**     **Filing of Claims; Claim Deadline**

        1.     To make a claim under the Agreement, Class Members must mail or fax to the Claims Office on or before the Claim Deadline, a signed, sworn copy of the Claim Form. Class Members who do not so submit a claim by the Claim Deadline shall not be eligible for benefits under this Agreement.

        2.     Class Members seeking Current Landowner Benefits may receive claims processing priority by making sure that they mail or hand-deliver to the Claims Office on or before the Claim Deadline a copy of the recorded deed(s) through which the Class Member asserts current title to a parcel of Cable Side Covered Property. In any event, the deed copy *must* be mailed or sent via facsimile to the Claims Office no later than 30 (thirty) days after the Claim Deadline. The deed copy must either (a) have been certified by the appropriate Recorder's Office, or (b) show on its face pertinent recording information, including date and office of recording, deed book and page, and document number.

        3.     Class Members shall have 30 (thirty) days from the Claim Deadline (or from a Claims Office request) to cure any deficiencies in their claim submissions.

**D.**     **Claims Acceptance and Certification**

        1.     The Claims Administrator, assisted by the Claims Officers, shall promptly process claims as filed and provide periodic reports on the results to the Parties and to the Court. Claims shall be processed in accordance with Section VIII below, and the **"Claims Processing Protocol"** attached as Exhibit C hereto.

        2.     If and when the Claims Office determines that the claim qualifies for payment in the specified amount, the Claims Office shall so notify the claimant, Class Counsel, and AT&T, and - assuming no appeal by AT&T or claimant - arrange for the claimant to execute Settlement Documents as provided in Paragraph VII.E below.  Qualifying Class Members shall be paid the finally approved amounts only after properly executing the Settlement Documents.

3.      If the Claims Office determines that a claim is not eligible for payment under the governing criteria, the Claims Office shall notify the claimant and Class Counsel as to the Claims Office's determination and the grounds therefor. Such claimants shall have a maximum of 30 (thirty) days from the date of mailing of the Claims Office notice either to cure deficiencies in their claim submissions or to provide to the Claims Office written notice of an intention to appeal. Class Counsel, as requested, may advise and assist individual claimants with respect to their claim submissions.

4.      Any appeals by Class Members or AT&T from Claims Office determinations on the merits of individual claim submissions shall be made to the Claims Administrator, whose decision shall be final. Claimants so appealing shall provide notice thereof to the Claims Office which shall provide notice of the appeal to the Parties to the Agreement. At their election, counsel for *AT&T* and Class Counsel may file papers in support of or in opposition to any such appeals. No benefits shall be paid to any claimant while an appeal as to that claimant's claim is pending.

### E.      Settlement Documents

1.      In further implementation of the Court's entry of a Final Order and Judgment, *inter alia,* releasing AT&T, all Class Members qualifying for Current Landowner Benefits shall be required, as a precondition to payment, to execute an appropriate individual Grant of Communications System Easement/Release in a form substantially identical to that set forth as Exhibit B hereto.

2.      Only with respect to Current Landowner Benefit claims exceeding $10,000 in value and only if AT&T so specifically requests, certain Class Members who qualify for Current Landowner Benefits may also be required to execute a letter authorizing the Claims Office or AT&T to obtain lienholder consent and approval. (Such consent and approval shall be a prerequisite to any payment to such claimants.)

3.      Class Members qualifying for Prior Landowner Benefits shall be required to execute the Release (substantially in the form of Exhibit H hereto) as a precondition to payment.

### VIII.   CLAIMS PROCESSING

### A.      Generally

1.      The Claims Office shall review Class Member submissions and determine Class Member qualification for benefits in accordance with the Claims Processing Protocol attached as Exhibit C hereto.

2.      The Claims Office shall first process claims for Current Landowner Benefits and then process claims for Prior Landowner Benefits in accordance with the Claims Processing Protocol.

13

## IX.   RIGHT OF WITHDRAWAL; EFFECT OF WITHDRAWAL

### A.   AT&T's Right of Withdrawal

If, in AT&T's reasonable discretion in light of past settlements, an excessive number of Persons opt out of the Settlement Class, AT&T shall have the right to withdraw from this Agreement within 30 (thirty) days of the date upon which AT&T is informed by the Claims Office of the number, names, and, if known, addresses of such Persons who have opted out of the Settlement Class. The Claims Office shall not pay any claims before AT&T has made a determination *not* to withdraw from this Agreement and the Agreement and the Final Order and Judgment have become Final.

### B.   Effect of Withdrawal

In the event that AT&T withdraws from this Agreement, this Agreement and all orders and judgments issued to implement this Agreement shall have no further force and effect as to AT&T and the Released Parties, except that AT&T shall be entitled to a return of all monies it has deposited that have not already been disbursed for claims administration, and AT&T shall be entitled to the return of any interim legal fees and expenses paid pursuant to Article IV C.2.

## X.   COURT'S SETTLEMENT APPROVAL ORDER; RELATED ORDER

### A.   Approval Order

This Agreement is subject to and conditioned upon the issuance by the Court, following the Formal Fairness Hearing, of an "Order and Judgment" granting final approval of this Agreement in accordance with Fed. R. Civ. P. 23(e), and providing the below-specified relief, which relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder. Such Order and Judgment shall:

1.     approve this Agreement in all respects;

2.     provide for the Settlement Class Representative to have and recover for himself and other members of the Settlement Class the benefits described in this Agreement, subject to the conditions and limitations stated herein;

3.     provide for payment of $1,000 (one thousand dollars) to the Settlement Class Representative, in addition to those benefits to which the Class Representative may be entitled under the settlement, upon final approval by the Court;

4.     confirm the certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and 23(e) for settlement purposes;

5.     release AT&T and all other Released Parties from any and all Settlement

Rights-of-Way Claims, including assigned claims, whether known or unknown, asserted or unasserted, regardless of legal theory that any and all Class Members have, had, or may have in the future, against AT&T or any other Released Party;

   6. dismiss with prejudice the Settlement Rights-of-Way Claims of any and all Class Members (and their successors-in-interest), without cost, now existing or hereafter brought against AT&T or any other Released Party in state or federal court;

   7. bar and permanently enjoin all Class Members (and their successors-in-interest) from instituting, asserting, or prosecuting against AT&T or any other Released Party any and all Settlement Rights-of-Way Claims the Class Members have, had, or may have in the future, against AT&T or any other Released Party, except any damages (including attorneys' fees, if any) arising from the enforcement of this Agreement;

   8. direct all Current Landowners, regardless of whether they file a claim, to execute and deliver to AT&T a Grant of Communications System Easement/Release;

   9. direct the Claims Administrator, pursuant to Fed. R. Civ. P. 70, to execute and convey to AT&T (if and when requested by AT&T) easements on behalf of Current Landowners who do not execute and deliver a Grant of Communications System Easement/Release;

   10. declare that in order to receive Current Landowner Benefits from AT&T, each qualified Current Landowner shall execute the Grant of Communications System Easement/Release, conforming the above easement to such Current Landowner;

   11. declare that AT&T or Class Counsel may, at their respective options and cost, file/record/index the Final Order and Judgment or notice thereof, in the name of each Class Member who owns any portion of the Settlement Rights-of-Way in the judgment or land records of the jurisdiction in which the real estate is located, and that the Court retains jurisdiction to enter supplemental orders and judgments to effectuate the recordation of AT&T's property rights;

   12. declare that AT&T shall not have (and is released from, any and all claims, damages, costs, expenses and other liabilities of every kind and nature whatsoever, including, without limitation) any liability for slander of title, that may be asserted as a result of or in any way in connection with the filing/recordation/indexing of the Notice of Judgment against any person, whether a Class Member or not; provided that promptly following AT&T's determination that any such Final Order and Judgment or notice thereof was filed/recorded/indexed against a person who was not a Class Member who owned Cable-Side Rights-of-Way property as of the date of the Final Order and Judgment, AT&T promptly takes all appropriate action to cause any such Final Order and Judgment or notice thereof to be released of record, at AT&T's expense;

   13. declare that Class Counsel shall not have (and are released from, any and all claims, damages, costs, expenses and other liabilities of every kind and nature whatsoever,

including, without limitation) any liability for slander of title, that may be asserted as a result of or in any way in connection with the filing/recordation/indexing of the Final Order and Judgment against any person, whether a Class Member or not; provided that promptly following Class Counsel's determination that any such Order was filed/recorded/indexed against a person who was not a qualifying Class Member who owned Covered Property as of the date of the Final Order and Judgment, Class Counsel promptly takes all appropriate action to cause any such Order to be released of record, at Class Counsel's expense;

14.    declare, adjudge, and decree that this Agreement provides the exclusive remedy for any and all Settlement Rights-of-Way Claims of Class Members (and any successors in interest), and for any claim arising out of the subject matter of this Agreement and the Complaint by any Class Member against AT&T and any and all other Released Parties, and with respect to AT&T's right to install, occupy, maintain, and use telecommunication cable on its 16 1/2-foot-wide strip of Settlement Rights-of-Way, as described in the Grant of Communication System Easement/Release;

15.    declare that AT&T relinquish any and all claims or rights it may have as to Class Members who execute a Grant of Communications System Easement/Release and their successors-in-interest with respect to the Covered Property, other than the 16 ½ foot wide strip of Settlement Rights-of-Way as described in the Grant of Communications System Easement/Release, and the Final Order and Judgment;

16.    determine that this Agreement is fair, reasonable, adequate, in the best interests of the Settlement Class, and non-collusive;

17.    expressly determine under Fed. R. Civ. P. 54 (b) that there is no just reason for delay and therefore expressly direct the entry of a final judgment with respect to all Settlement Rights-of-Way Claims of Class Members and their respective successors-in-interest;

18.    reserve the Court's exclusive, general and continuing jurisdiction over the Parties to this Agreement, including AT&T and all Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Agreement in accordance with its terms for the mutual benefit of the Parties, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

### B.    Related Order

The Parties further understand that Class Counsel may request that the Court, at the time of entry of the Order and Judgment, enter an Order approving the Award and Partial Distribution of Reasonable Attorneys Fees and Expenses in accordance with Section IV.C above.

### XI.    EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

### A.    Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Settlement Rights-

of-Way Claims of Class Members and for any claim arising out of the subject matter of this Agreement and the Complaint by any Class Member against AT&T and any and all other Released Parties. No Released Party shall be subject to liability or expense of any kind to any Class Member with respect to any Settlement Rights-of-Way Claim, except as provided herein. Upon entry of the Final Order and Judgment by the Court approving this Agreement, each and every Class Member shall be barred from initiating, asserting, or prosecuting any Settlement Rights-of-Way Claim against AT&T or any and all other Released Parties. Class Members and AT&T shall retain the right to pursue any breach of the Grant of Communications Easement/Release granted hereunder pursuant to the terms thereof.

### B.    Dismissal Action

When the Court's Order and Judgment approving this Agreement becomes Final, the Settlement Rights-of-Way Claims shall be dismissed as to all Class Members.

### C.    Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over the Action and all Parties named or described in the Complaint, and over the Agreement with respect to the performance of the terms and conditions of the Agreement, to assure that all disbursements are properly made and to interpret and enforce the Agreement's terms, conditions, and obligations, and to issue necessary document subpoenas. The Court shall have the power to approve the Claims Administrator's designation, appointment, and removal of auditors, consultants, and disbursing agents, and the execution of contracts as necessary and appropriate to assure the administration of the Agreement.

## XII.   Representations and Warranties

A.    Class Counsel represent and warrant that they have the authority to enter into the Agreement on behalf of Plaintiffs, subject to Court approval. The Agreement has been duly and validly executed and delivered by Class Counsel, and, subject to Court approval, constitutes a legal, valid, and binding obligation of the Settlement Class.

B.    AT&T represents and warrants that it has all requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby. The execution, delivery, and performance by AT&T of the Agreement and the consummation by AT&T of the transactions contemplated herein have been duly authorized by all necessary corporate action. The Agreement has been duly and validly executed and delivered by AT&T, and, subject to Court approval, constitutes its legal, valid, and binding obligation.

## XIII.   Miscellaneous Provisions

A.    Neither this Agreement, approved or not approved, nor any Exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement (including determinations by the

Claims Administrator with respect to individual claimant appeals) is intended to be or shall be construed as or deemed to be evidence of an admission or concession by AT&T or any other Released Party of any liability or wrongdoing, or of the truth of any allegations in the Complaint, or of the appropriateness of class certification in any other context; no such document, statement, determination, or other matter shall be admissible in evidence for any such purpose in this or any other proceeding, or shall be useable as legal precedent on North Dakota real property law or other issues in any other proceeding.

     **B.**     Nothing in this Agreement shall be construed to bar, release, or otherwise affect any claims and/or rights AT&T may have against any third-party, *inter alia,* for contribution, indemnification, or insurance benefits; and AT&T specifically reserves all claims against and rights vis-à-vis such Persons.

     **C.**     Claims Office determinations (and any determinations from appeals therefrom) as to claim qualification and title issues, as well as property right provisions contained in the Final Order and Judgment and in any easement conveyances executed pursuant to the Agreement, shall be binding upon AT&T, the Class Members, and their successors in interest, but not upon other persons or entities not parties to this Agreement.

     **D.**     This Agreement, including all Exhibits attached hereto, constitutes the entire agreement by and among the Parties with regard to the subject matter of the Agreement, and shall supersede any previous agreements and understandings between the Parties with respect to the subject matter of this Agreement. The Agreement may not be modified or amended except in writing signed by all Parties hereto.

     **E.**     The Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same document.

     **F.**     Any notice, request, instruction, or other document to be given by any Party to any other Party (other than class notification) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid as follows:

     If to AT&T:

| | |
|---|---|
| Howard Spierer | Timothy E. Hayes |
| AT&T Corp. | Timothy E. Hayes & Associates L.C. |
| Legal Department | 231 S. Bemiston Ave. |
| One AT&T Way | Suite 950 |
| Bedminster, NJ 07921 | St. Louis, MO 63105 |

     If to Plaintiff and/or Class Counsel:

Mike Miller
Solberg, Stewart, Miller & Tjon, Ltd.
1129 Fifth Avenue South
P.O. Box 1897
Fargo, ND  58107-1897

**G.** All applications for Court approval or Court orders required under this Agreement shall be made on notice to all parties hereto.


[Remainder of Page Intentionally Left Blank]

## XIV.   TERMINATION OF AGREEMENT

This Agreement shall be automatically terminated., without notice, if the Court declines to enter an Order and Judgment or if the Order and Judgment as described in Section X above, does not become Final. In the event of termination, all Parties shall be restored to their respective-positions immediately prior to execution of the Agreement.

DATED: *August 26, 2009*

**CLASS COUNSEL**

Mile Miller
  Solberg, Stewart, Miller & Tjon, Ltd.

**AT&T CORP./AT&T
  COMMUNICATIONS-EAST, INC.**

Howard Spierer
  AT&T Corp.

Timothy E. Hayes
  Timothy E. Hayes & Associates L.C.

W. Todd Haggart
  Vogel Law Firm

## XIV.   TERMINATION OF AGREEMENT

This Agreement shall be automatically terminated., without notice, if the Court declines to enter an Order and Judgment or if the Order and Judgment as described in Section X above, does not become Final. In the event of termination, all Parties shall be restored to their respective-positions immediately prior to execution of the Agreement.

DATED:

**CLASS COUNSEL**

**AT&T CORP./AT&T COMMUNICATIONS-EAST, INC.**

_____

Mile Miller
   Solberg, Stewart, Miller & Tjon, Ltd.

_____

Howard Spierer
   AT&T Corp.

_____

Timothy E. Hayes
   Timothy E. Hayes & Associates L.C.

_____

W. Todd Haggart
   Vogel Law Firm